# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPIRE HEALTH FOUNDATION et al | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) Civ. No. 20-cv-2149 (JEB) |
| | ) |
| | ) |
| XAVIER BECERRA, IN HIS | ) |
| OFFICIAL CAPACITY AS SECRETARY | ) |
| OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| Defendant, | ) |
| | ) |

## PLAINTIFFS' MOTION TO ALTER THE COURT'S ORDER DATED FEBRUARY 8, 2022 AND FOR CLARIFICATION OF SAME

Pursuant to Fed. R. Civ. P. 59(e) and 60, Plaintiffs respectfully move the Court to alter its Order dated February 8, 2022, and to further clarify the scope of that Order. The grounds for this motion are set forth in the accompanying memorandum of points and authorities.

The Secretary's counsel has advised Plaintiffs' counsel that they oppose this motion. A proposed order is attached.

2

Respectfully submitted,
/s/

_____
JEFFREY A. LOVITKY
1629 K Street, NW, Ste. 300
Washington, DC 20006
Attorney for Plaintiffs
D.C. Bar No. 404834
Tel: (202) 429-3393
jefflovitky@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | |
| EMPIRE HEALTH FOUNDATION et al | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) Civ. No. 20-cv-2149 (JEB) |
| | ) |
| | ) |
| XAVIER BECERRA, IN HIS | ) |
| OFFICIAL CAPACITY AS SECRETARY | ) |
| OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO ALTER THE COURT'S ORDER DATED
FEBRUARY 8, 2022 AND FOR CLARIFICATION OF SAME**

**INTRODUCTION**

Plaintiffs sought Summary Judgment on Counts I-IV of the Amended Complaint. ECF No. 19.  The Court's order dated February 8, 2022 dismissed Plaintiffs' Motion for Summary Judgment on all four Counts for lack of subject matter jurisdiction, i.e., mootness. ECF No. 39. The Court further granted the Secretary motion for voluntary remand.  Id.

Plaintiffs respectfully brings to the Court's attention a factual error made by the Court in granting the Secretary's motion for voluntary remand.  In response to

Plaintiffs' allegation that the Secretary was seeking a voluntary remand as a pretext to dismiss the case, the Court found that "*HHS nowhere requests a dismissal*" in conjunction with their motion for voluntary remand. Mem. Op. at 10, ECF 40. However, the record clearly proves otherwise. The proposed order filed by the Secretary with its motion for voluntary remand expressly sought dismissal of the Complaint in conjunction with voluntary remand.

Plaintiffs further seek clarification as to (a) whether the Court's order dated February 8, 2022 intended to remand Plaintiffs' unreasonable delay claim back to the agency for further consideration and (b) whether the Court dismissed the Amended Complaint in its entirety for lack of subject matter jurisdiction.

Plaintiffs further assert that dismissal of the Amended Complaint in its entirety, including most notably Count II of the Amended Complaint alleging unreasonable delay, would constitute a clear error of law. As will be demonstrated below, the Court's order granting the Secretary's motion for voluntary remand clearly did not moot Plaintiffs' unreasonable delay claims.

**STANDARD OF REVIEW**

Rule 59(e) allows a court to alter or amend a judgment within 28 days of the judgment's entry. Fed. R. Civ. P. 59(e). The issue of whether motion for reconsideration or amendment of a prior order should be granted is within the discretion of the Court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

2

1996). Rule 59(e) motions may be granted when required to "*correct a clear error or prevent manifest injustice.*" *Id.* Such motions may not be entertained if they merely relitigate arguments already raised. *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

The Federal Rules of Civil Procedure do not contain any specific provisions governing requests for clarification. Nonetheless, Rule 60(a) permits a court to correct "*a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.*"   As noted in *Defs. of Wildlife v. Norton*, No. CV 05-1573 (ESH), 2005 WL 8167405 (D.D.C. Oct. 14, 2005), "*Rule 60(a) permits a court to clarify its judgment to express the court's original intent.*" However, other cases have held that such motions for clarification may be treated as motions under Rule 60(b). *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011).

Rule 60(b)(1) of the Federal Rules of Civil Procedure states that a court *"may relieve a party's legal representative from a final judgment, order, or proceeding"* because of a *"mistake."* Several Circuits have held that a mistake of law by a court may serve as the basis for relief under Rule 60(b)(1). *See* e.g., *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) (ruling that Rule 60(b)(1) *"encompasses mistakes in the application of the law."* ) However, it has not yet been settled in this judicial circuit whether a Rule 60(b)(1) motion

3

encompasses a mistake of law. *Toomer v. Austin*, No. 20-5184, 2022 WL 301561 (D.C. Cir. Jan. 21, 2022).

Finally, Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that a court may "*relieve a party's legal representative from a final judgment, order, or proceeding*" for "*any other reason that justifies relief.* " The courts have held that Rule 60(b)(6) represents a "*grand reservoir of equitable power ... which, in a proper case, is to be liberally applied.*" *In re Korean Air Lines Disaster of Sept. 1, 1983*, 156 F.R.D. 18, 23 (D.D.C. 1994), aff'd, 52 F.3d 1122 (D.C. Cir. 1995) (quoting *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). The court has "*significant discretion*" as to whether issue a Rule 60(b)(6) motion should be granted. *See Computer Pros. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996), amended (Feb. 20, 1996).

Courts typically consider motions for reconsideration under Rule 59(e) if timely filed within 28 days of judgment, and under Rule 60(b) if filed thereafter. *Strumsky v. Washington Post Co.*, 922 F. Supp. 2d 96, 100 (D.D.C. 2013).[1]

---

[1] Plaintiffs observe that orders of an interlocutory nature may be reviewed under Rule 54(b). *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).  Courts have more flexibility in applying Rule 54(b) than would be applicable to requests for reconsideration under Rule 59 or 60.  *Cobell* at 272. However, an order dismissing a complaint for lack of subject matter jurisdiction thereby terminating all proceedings before the Court is not interlocutory but rather constitutes an immediately appealable final judgment. *Se. Fed. Power Customers, Inc. v. Harvey,* 400 F.3d 1, 4-5 (D.C. Cir. 2005).

Accordingly, the Court should review this motion under Rule 59(e), as it is filed within 28 days after entry of judgment. Plaintiffs request for clarification should be reviewed under Rule 60(a).

## ARGUMENT

**I. The Court's Order Dated February 8, 2022 Is Ambiguous and Requires Further Clarification**

Count II of the Amended Complaint alleged unreasonable delays in the adjudication of Plaintiffs' Part C days claims. Am. Compl., ¶¶ 40-42, ECF 16. Plaintiffs extensively briefed their unreasonable delay claims. *See* Mot for Summ J, pp. 16-21, ECF 19; Pl. Reply, at pp. 27-30 (ECF 22); Pl. Surreply pp 3-7, ECF 33. The Court did not address the merits of the unreasonable delay claim in its memorandum opinion dated Feb. 8, 2022. Instead, the Court dismissed the unreasonable delay claim for lack of jurisdiction, i.e., mootness.

However, it is unclear whether the Court actually remanded the unreasonable delay claim back to the agency for further adjudication. The Secretary's reply in support of its motion for voluntary remand appears to seek remand of the unreasonable delay claim, which would suggest that the unreasonable delay claim was remanded by the Court for further agency consideration. *See* Def. reply, at 1 ECF No. 36, arguing that Plaintiffs are improperly resisting a remand of their legal challenges, "*including their claim that the Secretary has unreasonably delayed making a substantive decision on the*

5

*appeals of those payment decisions*." Moreover, the Court's order dated February 8, 2022 denied the Secretary's motion to dismiss the Plaintiffs' unreasonable delay claims, which would also suggest that the unreasonable delay claim was being remanded back to the agency. On the other hand, the proposed order filed with the Secretary's motion for voluntary remand sought dismissal of all four Counts of the Amended Complaint, which would suggest that the unreasonable delay was being dismissed instead of being remanded.  Proposed Order, ECF 29-1.

The Court's order dated February 8, 2022 is also ambiguous as to whether it dismisses the Amended Complaint in its entirety, including most notably Count II alleging unreasonable delay.  On the one hand, the Court denied Plaintiffs' Motion for Summary Judgment on Count II on the grounds of mootness.  On the other hand, the Secretary's Motion to Dismiss Count II as moot was also denied by the Court.   See Def. Mot. to Dismiss, p. 15. ECF No. 20. Therefore, it remains unresolved whether the Court dismissed the Amended Complaint in its entirety.

Plaintiffs accordingly request clarification from the Court as to the intended scope of its order.

## II. <u>Voluntary Remand Did Not Moot the Unreasonable Delay Claim Contained in Count II of The Amended Complaint</u>

Plaintiffs respectfully assert that the Court committed a clear error of law in dismissing the unreasonable delay claim as moot, assuming that is what the Court intended to do. This issue is particularly appropriate for resolution in a Rule 59(b)

6

motion, because the issue of mootness was never raised by the Secretary in conjunction with its Motion for Voluntary Remand. It is true that the Secretary's Motion to Dismiss asserted that the unreasonable delay claim was moot.  Def. Mot. to Dismiss, p. 15. ECF No. 20. However, the Court denied the Secretary's motion to dismiss. See Order, ECF No. 39.  Moreover, the Court's Memorandum Opinion provides no explanation as to the reasons for the Court's finding of mootness.  As such, the parties are left with no discernable explanation from the Court as to why it found the unreasonable delay claim to be moot.

In any event, it should be clear that Plaintiffs' unreasonable delay claims were not mooted by the Court's voluntary remand order. The appropriate function of a voluntary remand is to afford the agency an opportunity to "*cure its mistakes*." Mem. Op. at p. 9, citing *Carpenters Industrial Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). However, the voluntary remand ordered by the Court did not and cannot cure the unreasonable delays that have already transpired in this case.

`      The issue of whether there has been an unreasonable delay in the agency's decision-making looks backwards in time to determine whether the amount of time an agency has taken to decide a matter is reasonable. *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79-81 (D.C. Cir. 1984) (TRAC).  *See also In re Core Commc'ns Inc.,* 531 F.3d 849, 855 (D.C. Cir. 2008).  Courts may order the

7

proceedings to be expedited if unreasonable delay is found to have occurred. *Pub. Citizen Health Rsch. Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 32 (D.C. Cir. 1984), the "*APA empowers the court to evaluate the pace of the agency decisional process and to order expedition if the pace lags unreasonably.*" *See also* Am. Compl., Prayer for Relief, ¶ d, requesting expedition of proceedings on the merits of the Part C days issue. On the other hand, the issue of whether voluntary remand should be granted is based on what should happen in the future, i.e., whether the agency should be afforded an opportunity to "*cure its mistakes.*" Mem. Op. at p. 9.

It would thus be entirely appropriate for the Court to <u>both</u> grant the Secretary's motion for voluntary remand <u>and</u> to determine that the agency has unreasonably delayed its adjudication of the Part C days issue.  In such a case, the appropriate remedy would be to order the agency to expedite the proceedings on the matter remanded to the agency. *Pub. Citizen Health Rsch. Grp.,* 740 F.2d at 32. The fact that a court may find both that an agency has unreasonably delayed its consideration of a matter and at the same time also order a voluntary remand of that matter demonstrates that granting one of those remedies does not moot the other.

Indeed, the Secretary explicitly recognized that the Court may both find in Plaintiffs' favor on the unreasonable delay claim and also grant the Secretary's

8

request for voluntary remand. See Def. reply at p. 1 (ECF 36), stating that "*[e]ven if the Court were to grant Plaintiffs' summary judgment motion ... the proper disposition of Plaintiffs' claims on the...unreasonable delay claim would be to remand their Part C patient days claims to the Secretary to determine the proper treatment of Part C patient days*."

There exists a "*heavy burden*" of proving that a case has become moot. *Honeywell Int'l, Inc. v. NRC*, 628 F.3d 568, 576 (D.C. Cir. 2010). To satisfy this burden, the party claiming mootness must demonstrate the existence of "*interim relief or events [which] have completely and irrevocably eradicated the effects of the alleged violation.*" *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

The Court cannot reasonably find that its order granting voluntary remand "*completely and irrevocably eradicated the effects*" of the unreasonable delays which have heretofore occurred in this case.  Id. A voluntary remand cannot possibly cure Plaintiffs' unreasonable delay claim, precisely because those delays have already happened.  Accordingly, the unreasonable delay claim is clearly not moot. Plaintiffs respectfully request that the Court amend its order to reinstate Count II of the Amended Complaint.

### III. Unreasonable Delay Claims Are Not Remandable to The Agency

To the extent the Court intended to remand Plaintiffs' unreasonable delay claim back to the agency, such an order would constitute a clear error of law. Plaintiffs respectfully assert that unreasonable delay claims are inherently not remandable. The entire rationale for allowing unreasonable delay claims is to provide the <u>courts</u> with the power to review the pace of agency decision-making. It is for this reason that courts have crafted exceptions to normal ripeness requirements to permit judicial review of such claims. *Air Line Pilots Ass'n, Int'l v. C.A.B.,* 750 F.2d 81, 85 (D.C. Cir. 1984) ("*judicial review of claims of unreasonable delay do not prematurely inject the courts into the agency's consideration of the merits of the issue before it*.").

The entire purpose of providing for review of such claims by the courts is undermined when the unreasonable delay claim itself is remanded back to the agency for further consideration. Indeed, Plaintiffs are unaware of even a single case remanding a claim of unreasonable delay back to the agency for further consideration.

Moreover, it is unclear which entity within the Department of Health and Human Services would have jurisdiction to adjudicate a claim of unreasonable delay. The Provider Reimbursement Review Board (PRRB), which is the entity established for purposes of reviewing Plaintiffs' Medicare reimbursement claims,

10

does not have the power to order the Secretary to expedite the administrative process. Rather, the PRRB's powers are limited to revising the amount of reimbursement owed to a provider. 42 U.S.C. § 1395oo(d).

Finally, voluntary remands are appropriate only when the agency professes an intent to reconsider the "*original agency decision that is the subject of the legal challenge.*" *Limnia, Inc. v. U.S. Dept of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017).   However, it is the absence of an agency decision that is the basis for an unreasonable delay claim. *See Air Line Pilots Ass'n, Int'l v. CAB*, 750 F.2d 81, 85 (D.C. Cir. 1984).  Voluntary remand of the unreasonable delay claim cannot be permitted because there is no agency decision on the issue of unreasonable delay to reconsider.

## IV. The Secretary Explicitly Sought Dismissal of The Complaint in Conjunction with Their Request for Voluntary Remand

Plaintiffs argued that the Secretary sought voluntary remand as a pretext for dismissal of the case.  Pl. Op. at 10, ECF No. 35. The Court rejected Plaintiffs' argument on the grounds that "*HHS nowhere requests a dismissal*" in conjunction with its motion for voluntary remand. Mem. Op. at 10, ECF 40. The Court's holding that the Secretary's motion for voluntary remand never sought dismissal of the complaint was erroneous as a factual matter.

As noted in Plaintiffs' reply brief, the last sentence of the proposed order filed by the Secretary in conjunction with its motion for remand explicitly sought

11

dismissal of the complaint. Pl. reply at 10 (ECF No. 35) citing to Secretary's Proposed Order at ECF 29-1.

It is thus apparent that the agency used its motion for voluntary remand as a pretext for obtaining dismissal of the case.  This fact may not have been particularly consequential had the Court simply remanded the matter back to the agency. However, the Court went further by putatively dismissing the Amended Complaint in its entirety for lack of subject matter jurisdiction.

In *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017) the court disapproved of this procedure, holding that a remand should not "*function [a]s a dismissal of a party's claims*."  It is possible that in the future the agency may take actions mooting the case pending before the Court. But that has not yet happened. *See Rural Empowerment Ass'n for Cmty. Help v. U.S. Env't Prot. Agency*, No. CV 18-2260 (TJK), 2022 WL 444095 (D.D.C. Feb. 14, 2022) (granting motion for voluntary remand on the grounds that the agency may take future action mooting the case but denying Secretary's motion to dismiss). As such, Plaintiffs request that the Court reconsider its prior decision granting voluntary remand and dismissing the Amended Complaint in its entirety.

12

CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that their motion to alter the Court's order dated February 8, 2022 and for clarification of same be granted.

Respectfully submitted,
/s/

_____
JEFFREY A. LOVITKY
1629 K Street, NW, Ste. 300
Washington, DC 20006
Attorney for Plaintiffs
D.C. Bar No. 404834
Tel: (202) 429-3393
jefflovitky@gmail.com

13