UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EMPIRE HEALTH FOUNDATION,** *et al.*, <br><br>  **Plaintiffs,** <br><br>  v. <br><br> **XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services,** <br><br> **Defendant.** | Civil Action No. 20-2149 (JEB) |

**MEMORANDUM OPINION**

Three months ago, this Court granted Defendant Department of Health and Human Services' request to remand this Medicare-reimbursement case to the agency. Plaintiffs — Empire Health Foundation and two hospitals it owns, Valley Hospital Medical Center and Deaconess Medical Center — now ask the Court to clarify or reconsider that decision. They question why the Court dismissed the case as moot, particularly their unreasonable-delay claim. Although some of Plaintiffs' confusion is perplexing, the Court agrees that it must address the merits of the delay issue. To so do, it will require additional briefing.

**I.      Background**

Plaintiffs return once more to this Court in pursuit of reimbursement for services they provided to Medicare patients. This time, they ask the Court to reconsider its February 2022 Opinion granting Defendant's motion to remand this case to the Secretary of HHS. Because the Court has recently recounted Plaintiffs' reimbursement journey, it will provide here only a very

1

brief overview of the history relevant to the present Motion.  See Empire Health Foundation v. Becerra, 2022 WL 370559, at *1 (D.D.C. Feb. 8, 2022).

In short, Plaintiffs disagree with the methodology the Centers for Medicare and Medicaid Services (CMS) used to calculate the reimbursement amounts they were owed for their treatment of low-income patients.  Id.  Making use of both the agency's and the judicial system's procedures, Plaintiffs have appealed different iterations of these proposed reimbursements for over a decade.  Id.  Their latest round saw them alleging four counts before this Court, including one accusing the Provider Reimbursement Review Board (PRRB) of unreasonably delaying the resolution of Plaintiffs' appeals.  Id. at *3 (citing ECF No. 16-1 (Amended Complaint), ¶¶ 37–54).  At the conclusion of summary-judgment briefing, the Secretary separately moved for a voluntary remand, and this Court acquiesced, remanding all claims to the agency on the basis that they all amounted to "an attempt to expedite a recalculation of their [proposed reimbursements]" that would omit a certain metric from the calculation formula.  Id. at *4.

Plaintiffs now ask this Court to alter or clarify that remand Opinion.  See ECF No. 41 (Pls. Mot. for Reconsideration).

**II.      Legal Standard**

The parties dispute which of several Federal Rules of Civil Procedure should govern review of this Motion — namely, Rules 54(b), 59(e), 60(a), 60(b)(1), or 60(b)(6).  See Pl. MTR at 2–5; ECF No. 42 (Def. Opp.) at 3–5.  Although — or perhaps because — the Court believes the governing rule does not alter its analysis in this case, it will pick the Rule 60(b)(6) door. "Rule 60(b)(6) is a catch-all provision, providing that a court may relieve a party from a final judgment for 'any other reason that justifies relief' not encompassed by the other reasons enumerated in Rule 60(b)."  Jordan v. U.S. Department of Labor, 331 F.R.D. 444, 453 (D.D.C.

2019). Courts are "vested with a large measure of discretion in deciding whether to grant a Rule 60(b)(6) motion." Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting Twelve John Does v. District of Columbia, 814 F.2d 1133, 1138 (D.C. Cir. 1988)).

**III.    Analysis**

Plaintiffs take issue with three aspects of the Court's February Opinion. First, they argue that the Court was unclear as to whether it was remanding the entirety of their claims or dismissing the case for mootness. See Pl. MTR at 5–6. Second, they contend that, if the Court did remand their unreasonable-delay claim, that was erroneous because the claim was not moot and such causes of action may not be remanded to agencies. Id. at 6–11. Last, they object to the Court's suggestion that Defendant did not seek dismissal of this lawsuit. Id. at 11–12. The Court begins by clarifying the conclusions of its previous Opinion before addressing Plaintiffs' argument regarding the unreasonable-delay count.

First, let us set the record straight. Despite Plaintiffs' apparent confusion, the Court's previous Opinion reached a simple outcome: a remand of all Plaintiffs' claims to the Secretary of HHS. See Empire Health, 2022 WL 370559, at *5–6. That decision followed from the Court's conclusions that the agency did not seek a remand in bad faith and that Plaintiffs' challenges all boil down to an attempt to expedite a recalculation of their reimbursement amounts using what they view as the correct formula. Id. at *4–5. Baked into the former conclusion was the Court's determination that Defendant had not requested remand as "pretext for dismissing this case." Id. at *5. Nothing Plaintiffs proffer now alters that. Although they highlight the fact that Defendant's proposed remand order included language providing that "this matter shall be dismissed," Defendant did not argue for dismissal in its briefing. See ECF No. 29-1 (Def.

3

Proposed Remand Order); ECF No. 29 (Mot. to Remand). In any event, the relevant question was whether the Secretary sought remand as a pretext for dismissal as prohibited by Limnia, Inc. v. U.S. Department of Energy, 857 F.3d 379, 386–88 (D.C. Cir. 2017), and there continues to be no basis for believing that he did. The Court, furthermore, did not take up Defendant's supposed invitation to dismiss the case, and so whether or not HHS requested dismissal is of no consequence.

One final point on the Court's previous Opinion that Plaintiffs appear to misconstrue: it did not find that any of their claims were moot. See Empire Health, 2022 WL 370559, at *4–6; cf. Pl. MTR at 5–9; ECF No. 43 (Pl. Reply) at 1–6 (suggesting that Court found Plaintiffs' claims moot). The only mootness finding applied to the parties' dispositive motions, which the Court found were rendered moot by the remand. See ECF No. 39 (Order Granting MTR). Of course, holding that a motion is moot in no way equates to dismissing a case as moot.

Plaintiffs find firmer ground in their next request. As discussed above, the Court included their unreasonable-delay count in those it remanded to HHS, based on its finding that such count was merely one of Plaintiffs' procedural tactics aimed at securing a recalculation of their reimbursement amount. See Empire Health, 2022 WL 370559, at *4–5. It now recognizes, however, that there are some conceptual difficulties with remanding an unreasonable-delay claim to an agency since the purpose of such a claim is to allow a plaintiff to ask a third party — namely, a court — to evaluate whether an agency's timetable is reasonable. The Court will, accordingly, proceed to consider the parties' merits arguments on this count, drawing from their previously filed dispositive motions, which are revived for this limited purpose only. See ECF Nos. 19 (Pl. Mot. for Summary Judgment) and 21-1 (Def. MTD, Partial Motion for Judgment on the Pleadings, and Cross-MSJ).

Plaintiffs submit that they are entitled to summary judgment on the unreasonable-delay count because their appeals have languished at HHS with no justification for over a decade, and they have been denied the opportunity for a hearing on the merits for just as long. See Pl. MSJ at 16–21. Defendant presses several arguments in response, including moving for judgment on the pleadings on the ground that Plaintiffs have failed to allege facts that can support an unreasonable-delay claim. See Def. MTD at 31–32. Specifically, the Secretary points out that Plaintiffs allege only that "[t]he Board has failed to schedule any proceedings with respect to Plaintiffs' Part C claims for the years at issue in this case." Id. (quoting Am. Compl., ¶ 41.). It is true, as the summary this Court provided in its last Opinion makes clear, that such an allegation is plainly incorrect. See Empire Health, 2022 WL 370559, at *2–3; see also ECF No. 28 (Def. Reply) at 13–17. In brief: the agency has moved Plaintiffs' challenges through the steps of its internal appeals process several times over the past decade. Empire Health, 2022 WL 370559, at *2–3. That is a far cry from "fail[ing] to schedule any proceedings," and, accordingly, the Court need not accept Plaintiffs' contention otherwise as true. See Am. Compl., ¶ 41; Waters v. District of Columbia, No. 18-2652, 2022 WL 715474, at *8 (D.D.C. Mar. 10, 2022).

The Court does believe, however, that it is appropriate to assess whether the agency's lack of action since it regained control over Plaintiffs' claims following judicial remands in October 2019 and January 2021 constitutes an unreasonable delay. Plaintiffs contend that the Court cannot do so at this juncture because Defendant moved for partial judgment on the pleadings under Rule 12(c) (rather than for summary judgment) on this count; as a result, the Court may consider only the pleadings, which do not contain sufficient information to apply the factors set forth in Telecommunications Research and Action Center v. FCC (TRAC), 750 F.2d

5

70 (D.C. Cir. 1984), which govern review of unreasonable-delay claims in this Circuit. See ECF No. 22 (Pl. Opp.) at 26; Lopez v. National Archives and Records Administration, 301 F. Supp. 3d 78, 84 (D.D.C. 2018) (discussing standard of review for Rule 12(c)); see also Peters v. National Railroad Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992) (same). Defendant rejoins that this Court and others have assessed the TRAC factors at the motion-to-dismiss stage; since the standards of review for a Rule 12(b)(6) and Rule 12(c) motion are similar, the Secretary contends that resolution of its motion on this record is equally appropriate. See Def. Reply at 12.

Whether or not it is permissible to address the merits of the delay question now, it would be more prudent to convert this into a motion for summary judgment that relies on additional briefing on the application of the TRAC factors to HHS's movement on Plaintiffs' appeals since October 2019 (as opposed to the delay since Plaintiffs filed their initial appeals). Such briefing may include additional materials (*e.g.*, declarations) if the parties deem such appropriate. The Court, accordingly, invites both sides to submit supplemental briefing on this question according to a schedule outlined in the accompanying Order.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration will be granted in part and denied in part. A separate Order so stating shall issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 6, 2022